## 19173. PAYNE *et al. v.* TERHUNE.

SUBMITTED JANUARY 9, 1956—DECIDED FEBRUARY 13, 1956.

*Fullbright & Duffey,* for plaintiff in error.

*Clower & Anderson,* contra.

ALMAND, Justice. The judgment under review is one sustaining a plea to the jurisdiction and dismissing an equitable petition. Andy Payne and another filed their petition in three counts in Floyd Superior Court against C. B. Terhune, a resident of Polk County, in which they alleged: They jointly owned as tenants in common land lot 359 in the 3rd district and 4th section of Floyd County, and the defendant was the owner of lot 290 in said district, section, and county. The plaintiffs' lot was adjacent to and immediately south of the lot of the defendant, and the plaintiffs claim title to lot 359, but the defendant had entered into possession of said lot, and was causing irreparable damages by cutting timber therefrom; the boundary line had become confused and obscure, and the plaintiffs had no adequate remedy at law for a complete determination of the cause, and that unless equity intervenes, there would be a multiplicity of suits. The prayers of the first count were for a judgment establishing the north line of lot 359, and decreeing title thereto in the plaintiffs. Count 2 sought to recover actual and punitive damages for the cutting of the timber, and count 3 prayed for damages by reason of diminution of the value of the plaintiffs' property.

The defendant filed a plea to the jurisdiction, on the ground that he was a resident of Polk County and the Superior Court of Floyd County did not have jurisdiction of his person. The sole question in this case is whether or not the plaintiffs' case is one respecting title to land, or is an equitable case. If it is the former, it was properly brought in Floyd County, where the land lies (Constitution of 1945; Code, Ann., § 2-4902); but if the latter, it could be brought only in Polk County, where the defendant resides (Constitution of 1945; Code, Ann., § 2-4903).

A suit to establish title to land, or to establish the evidence of title, is one that must be brought in equity, but suits to recover land upon legal title are actions at law. The common test as to whether an action to recover land is an action respecting title to land within the venue provision of our Constitution is whether the plaintiff can recover on his title alone, or whether he must seek the aid of a court of equity in order to recover. *Frazier* v. *Broyles*, 145 *Ga.* 642 (89 S. E. 743) ; *Owenby* v. *Stancil*, 190 *Ga.* 50 (1, 2, 3) (8 S. E. 2d 7). The petition alleges that the boundary line between the lots of the plaintiffs and the defendant had become confused and obscure, that the plaintiffs did not have an adequate remedy at law, and if not granted equitable relief, there would be a multiplicity of suits; and in the first count it was prayed that a decree be granted establishing the boundary line between the lots of the parties, and decreeing title to lot 359 to be in the plaintiffs. The other two counts prayed for damages against the defendant incident to the cutting of timber. The petition thus shows that the plaintiffs are seeking the aid of a court of equity, first, to ascertain and determine the boundary line, which a court of equity under certain circumstances has a right to do (*Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.*, 152 *Ga.* 150, 154, 108 S. E. 609; *Calhoun* v. *Edwards*, 202 *Ga.* 95 (4), 42 S. E. 2d 426) ; and second, the aid of equity in decreeing title to lot 359 to be in the plaintiffs.

Under the allegations and prayers contained in the petition here involved, we construe the action, not as a suit at law respecting title to land, but as a petition for equitable relief. It appears from the allegations of the petition that the only defendant named and against whom substantial equitable relief was prayed, resided in a county of this State other than that in which the action was brought, and it is thus apparent that Floyd County was without jurisdiction of the defendant, and it was not error to sustain the plea to the jurisdiction and dismiss the petition.

*Judgment affirmed. All the Justices concur.*