30044. GRAHAM et al. v. TALLENT.

Hill, Justice.

The defendants appeal, asserting that this court has jurisdiction of this appeal for the reason that it involves equitable relief and title to land.

Plaintiff filed suit in the Superior Court of Walker County alleging execution by defendants of a promissory note and deed to secure debt, alleging default in payment, and praying for a rule nisi to require defendants to show

cause why a nonjudicial foreclosure proceeding provided for in the security deed should not be allowed to proceed. The defendants reside and the land is located in Walker County.

In their answer and counterclaim, the defendants admitted execution and nonpayment, alleged fraud by plaintiff, and prayed that plaintiff be enjoined from proceeding with foreclosure. The trial court ruled in plaintiff's favor.

The first question to be decided is whether this court has jurisdiction of this appeal.

It is true that having reviewed this case, it may be as easy to decide it on the merits as on appellate jurisdiction. Thus, insofar as economy of judicial time in the case before us is concerned, we should render our decision on the merits.

However, deciding cases on their merits simply because they are docketed in this court, and without regard to the division of jurisdiction as between this court and the Court of Appeals, constitutes a disservice to litigants, lawyers and appellate judges in future cases. A decision of this case on its merits would stand as a physical precedent that this court had jurisdiction, when under our Constitution it does not.

This court has jurisdiction of appeals in those cases specified in Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704) of the Constitution. Insofar as pertinent here, this court has jurisdiction of "all equity cases" and "all cases respecting title to land."

In the case before us, defendants' prayer that plaintiff be enjoined from proceeding with foreclosure amounts to a prayer by defendants that the relief sought by plaintiff be denied. If this prayer were treated as making this a case in equity, then every case could be made a case in equity by adding a prayer to the answer that plaintiff be enjoined from obtaining the relief sought in the complaint. Appellate jurisidiction is not so easily manipulated. This is not an equity case.

In interpreting the meaning of the words "all cases respecting title to land" this court frequently has rendered decisions stating that a particular type of case is not a case respecting title to land. For example, the

following types of cases have been held not to be "cases respecting title to land" so as to confer jurisdiction on this court: Suit to foreclose a materialman's lien on real estate, *Roberts v. Ga. Southern Supply Co.,* 211 Ga. 402 (86 SE2d 241); suit to confirm sale of land under power of sale, *Tingle v. Atlanta Federal S. & L. Assn.,* 211 Ga. 636 (87 SE2d 841); application by widow to ordinary for approval of sale by her of property set aside as year's support, *Harnesberger v. Davis,* 208 Ga. 629 (68 SE2d 585); suit to condemn land, *Wiggins v. City of Macon,* 224 Ga. 603 (163 SE2d 747); suit to determine location of disputed boundary line, *Ledford v. Hill,* 206 Ga. 304 (57 SE2d 77); *Whaley v. Ellis,* 209 Ga. 147 (71 SE2d 209), *Jarrard v. Wildes,* 209 Ga. 282 (71 SE2d 549), *Lively v. Thompson,* 209 Ga. 425 (73 SE2d 90); suit by grantee for declaratory judgment that the grantor in a warranty deed was sane at the time of executing that deed, *Bond v. Ray,* 207 Ga. 559 (63 SE2d 399); and suit for damages for breach of warranty of title contained in deed to land, *Sanders v. Calloway,* 211 Ga. 580 (87 SE2d 397).

Less frequently, this court has undertaken to state an inclusive definition of "cases respecting title to land." In *Bond v. Ray,* 207 Ga. 559, 561, supra, the court said: " 'Cases respecting title to land,' as that term is used in the Constitution for the purpose of defining the jurisdiction of this court, refer to and mean actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land." This description was followed in *Kidd v. Mayor &c. of Milledgeville,* 213 Ga. 524 (100 SE2d 178), and *Reid v. Standard Oil Co. of Ky.,* 218 Ga. 289 (127 SE2d 678). Even this inclusive definition is somewhat indefinite. It nevertheless indicates that the case before us is not a case respecting title to land for the reason that this case is not an action of ejectment or a statutory substitute, and it seeks sale by foreclosure rather than recovery of the land.

This problem is complicated by the fact that the phrase "cases respecting titles to land" also appears in the venue provisions of our Constitution where it is provided that "Cases respecting titles to land shall be tried in the county where the land lies . . ." Art. VI, Sec. XIV, Par. II

(Code Ann. § 2-4902). See also Code Ann. § 2-3901. These substantially identical phrases should be interpreted harmoniously unless harmonious interpretation renders either provision unreasonable.[1]

The problem of identifying cases respecting title to land is further complicated by the fact that equity cases, including equity cases involving land, must be brought in the county where a defendant resides against whom substantial relief is prayed (Code Ann. § 2-4903). It is further complicated by the requirement that suits against joint obligors, joint promissors and joint trespassers residing in different counties may be tried in either county (Code Ann. § 2-4904); i.e., suits against joint obligors, promissors or trespassers residing in the same county are to be brought in the county of residence of the defendants, as provided in Code Ann. § 2-4906.

Moreover, suits against makers of promissory notes are to be brought in the county where the makers reside. Code Ann. § 2-4905.

From the foregoing we conclude that suits which must be brought in the county of residence of a defendant are not cases respecting title to land within the meaning of the venue provision of our Constitution (Code Ann. § 2-4902) and are not cases respecting title to land within the meaning of the provision specifying the jurisdiction of this court (Code Ann. § 2-3704).

This suit by plaintiff seeking a rule nisi to require defendants to show cause why a nonjudicial foreclosure proceeding should not be allowed to proceed (being in essence a suit for declaratory judgment that the foreclosure provisions of the security deed are enforceable) is a personal suit against the defendants which could only be maintained in their county of residence. This suit, therefore, is not a case respecting title to land within the meaning of our Constitution, and

---

[1]See *Wiley v. Wiley,* 233 Ga. 824 (1) (213 SE2d 682), conforming appellate jurisdiction of partitioning proceedings to the venue requirements of such proceedings as set forth in *Southall v. Carter,* 229 Ga. 240 (190 SE2d 517).

being without any jurisdictional basis in this court it is transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JUNE 17, 1975 — DECIDED SEPTEMBER 11, 1975.

*Eugene S. Taylor, Thomas M. Finn,* for appellants.
*Hatcher & Daniel, Ross L. Hatcher, III,* for appellee.