## 56879. PROPES v. STONINGTON HOMEOWNERS ASSOCIATION, INC.

BIRDSONG, Judge.

Stonington Homeowner's Association, Inc. ("Stonington") brought suit against Propes, seeking to foreclose a lien, pursuant to Code Ann. § 85-1641e, on a condominium owned by Propes. Propes filed an answer and counterclaim. When the case was called for trial, Propes failed to appear and Stonington moved to strike Propes' answer and counterclaim, pursuant to Code Ann. § 24-3341. The trial court, on March 22, 1978, ordered that Propes' answer be stricken, awarded a judgment for Stonington, and further ordered that Stonington's lien on Propes' property be foreclosed.

Thereafter, Propes filed in the trial court a "Motion for Reconsideration," moving ". . .the Court to reconsider and vacate its Order dated March 22, 1978." The trial court, after a hearing on the matter, entered findings of fact and conclusions of law, and amended its order of March 22, 1978, nunc pro tunc, thereby striking Propes' answer and counterclaim and entering judgment in favor of Stonington, together with foreclosure of the lien against Propes' property. In addition, the trial court denied Propes' motion for reconsideration. From the trial court's order of March 22, 1978, as amended, nunc pro tunc, Propes appeals. *Held:*

1. Propes contends that the trial court erred in entering its findings of fact and conclusions of law and order dated June 16, 1978, for the reason that "there was no evidence to support the findings and therefore the Court could not amend its Order dated March 22, 1978." The record discloses that a hearing was held on

appellant's motion for reconsideration; however, appellant has failed to include in the record a transcript of evidence presented at the hearing. It is well settled that "[i]t is the duty of the appellant to have the transcript prepared and filed for inclusion in the record transmitted to this court *if it is needed for a decision here.* In the absence of a transcript we must assume that the evidence authorized the judgment in regard to these questions." (Emphasis supplied.) *Cason v. Upson County Bd. of Health,* 227 Ga. 451, 453 (2) (181 SE2d 487). See *Brown v. Donahoo,* 141 Ga. App. 309 (233 SE2d 269); *Chapman v. Conner,* 138 Ga. App. 518 (226 SE2d 625).

In his brief, counsel argues that the trial court was not authorized by Code Ann. § 81A-160 (g) to amend, nunc pro tunc, its order of March 20, 1978, on the basis of clerical mistake. Preliminarily, we note that " '[e]numerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former.' [Cits.]" *Leniston v. Bonfiglio,* 138 Ga. App. 151, 153 (226 SE2d 1). Furthermore, Code Ann. § 81A-160 (g) provides: *"Clerical mistakes* in judgments, orders, or other parts of the record *and errors* therein *arising from oversight or omission* may be corrected by the court at any time. . .." (Emphasis supplied.) The record clearly discloses that the trial court's amended order was entered subsequent to a hearing on the matter, and that the trial judge found, as a matter of fact:

". . . (1) that the Defendant had legal notice of the March 20, 1978, trial date,

"(2) that the Defendant's Answer and Counterclaim was properly stricken pursuant to Plaintiff's motion under Rule 41, *Ga. Code Ann.* § 24-3341,

"(3) *that a clerical error resulted in the omission* of the words 'and Counterclaim' from this Court's written Order of March 22, 1978,

"(4) that in any event that Order was intended by this Court to have disposed of all claims of all parties and therefore to be a final, dispositive Order, . . ." (Emphasis supplied.)

Having conducted a hearing, the trial court was authorized to amend, nunc pro tunc, the order dated March 20, 1978, pursuant to Code Ann. § 81A-160 (g). See

*Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598); *Israel v. Joe Redwine Ins. Agency,* 120 Ga. App. 14 (169 SE2d 347). Enumerated error no. 1 is without merit.

2. In enumerated error no. 2, appellant contends that the trial court erred in denying his motion for reconsideration. We note initially that Code Ann. § 81A-160 provides the exclusive methods by which civil judgments may be attacked, and that a motion for reconsideration is not one of the methods enumerated therein. See *C & S Nat. Bank v. Burden,* 145 Ga. App. 402 (2) (244 SE2d 244). Nevertheless, "we will not judge a motion by its nomenclature but by its content and action requested." Id., p. 404.

Propes' motion for reconsideration was predicated on essentially the following three theories: (1) Propes did not have notice of the trial date; (2) the trial court's order of March 20, 1978, did not dispose of all claims and did not, therefore, constitute a final appealable judgment; and (3) the lien on Propes' property was not properly foreclosed.

The trial judge found that the appellant had received "legal notice" of the trial date. As discussed in Division 1, above, the appellant failed to include in the record a transcript of evidence adduced at the hearing pursuant to which the trial court's order was entered, and we must therefore ". . .assume that the evidence authorized the judgment. . ." *Cason v. Upson County Bd. of Health,* supra, p. 453.

The trial court's order of March 20, 1978, as amended nunc pro tunc, left no cause pending and therefore constituted a final judgment. Code Ann. § 6-701(a)1.

As to the foreclosure of Stonington's lien, Code Ann. § 85-1641e establishes the procedure for the creation and foreclosure of a lien for assessments by a condominium owner's association against a delinquent condominium owner, and further stipulates that such liens shall be prior and superior to all other liens, with certain exceptions. Furthermore, Code Ann. § 85-1641e provides: "The recording of the declaration [the recordable instrument containing those matters required by Code Ann. § 85-1614e] pursuant to the provisions of this Chapter [Code Ann. § 85-1601e et seq., the 'Georgia Condominium Act'] shall constitute record notice of the

existence of such lien, and no further recordation of any claim of lien for assessments shall be required." As to the actual foreclosure proceeding, Code Ann. § 85-1641e (c) provides: "Such lien [for assessments] may be foreclosed... by suit, judgment, and foreclosure in the same manner as other liens for the improvement of real property."

It is clear that the foreclosure proceedings set forth in Code Ann. § 85-1614e are simplified, and distinct from the proceedings for the creation and enforcement of other types of liens. We are thus unable to agree with appellant's argument that Code Ann. § 85-1614e requires procedural compliance with Code Ann. § 67-2301, which provides for the enforcement of mechanics' liens. Rather, the clear intent of Code Ann. § 85-1641e is to simplify the procedural aspects of the enforcement of a lien for assessments against a condominium. We conclude, therefore, that the sole requirements for *creation* of the lien for assessments are contained in Code Ann. § 85-1641e, and that it is only the actual foreclosure proceedings which must be "in the same manner as other liens for the improvement of real property." Thus, the judgment and execution of the lien must be entered by the appropriate superior court. See Code Ann. §§ 67-2001, 67-2002, 67-2301 (2). These procedures were in fact followed by Stonington, and the trial court's lien against Propes was properly enforced. Enumerated error no. 2 is without merit.

3. While we do not dispute the power of the trial court to correct its order to show that Stonington's attorney moved for a dismissal of the appellant Propes' counterclaim as well as his answer and that the trial court intended to grant that dual purpose motion, we are deeply concerned about the denial of notice inherent in the nunc pro tunc dismissal of the counterclaim as to Propes so as to preclude him from filing a notice of appeal.

So far as the order of the trial court of March 22, 1978, reflected, Propes' counterclaim still existed and no necessity demanded Propes to file a notice of appeal to the dismissal of the answer alone inasmuch as the case was not final. Propes did file a motion for reconsideration of the judgment complaining of a lack of notice. Then, when the trial court denied the motion for reconsideration, it

also, amended its original order to show a dismissal of the counterclaim. This order was dated June 16, 1978. Regardless of the intention of the court, Propes received first notice of the finality of the case on June 16, 1978. He filed his notice of appeal on July 17, 1978. July 16 being a Sunday, the notice of appeal was filed within due time. Accordingly, Stonington's motion to dismiss the appeal is denied.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED FEBRUARY 22, 1979.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Robert E. Shields, Matthew H. Patton,* for appellant.
*Hyatt & Rhoads, Philip S. Downer,* for appellee.