### S96A1369. DEEN v. ALTMAN.
(475 SE2d 611)

HUNSTEIN, Justice.

On June 26, 1990, Janett A. Deen executed a deed conveying property on St. Simons Island in Glynn County to Delton H. Altman, her brother. Deen claims that in doing so, she relied on Altman's promise to lease the property back to her for one dollar per year if she so requested. Altman denies making such a promise.

Deen's October 1993 petition in equity to cancel the deed was filed in Appling County, where Altman resides, and the trial court denied Deen's subsequent motion to change venue to Glynn County. On January 10, 1996, following a bench trial, the trial court found that Deen had not proved that the disputed deed was procured by fraud; it also found that Deen was entitled to recover items of personalty on the property.

Deen filed a motion for new trial on January 12, 1996 on the grounds that new evidence had been obtained. This evidence included an affidavit from Odene McNamara, Deen and Altman's sister, which attempted to clarify her testimony at trial; it stated that McNamara did not understand the question asked of her by Deen's attorney and that she did in fact hear the promise allegedly made by Altman. Deen's motion was denied and she appealed; the Court of Appeals transferred the case to this Court in May 1996, as the substance of the appeal involves title to land.

1. In ruling on appellant's motion for new trial, the trial court properly refused to consider the affidavit offered as new evidence. To obtain a new trial, it is well established that the new evidence offered must satisfy each of the following criteria: (1) it must have come to the knowledge of the movant since the trial; (2) it is not owing to the lack of due diligence that the movant did not acquire it sooner; (3) it

is so material that it would probably produce a different verdict; (4) it is not cumulative only; (5) the affidavit of the witness is procured or its absence accounted for; and (6) the effect of the evidence is not only to impeach the credibility of a witness. *Luallen v. State*, 266 Ga. 174 (2) (465 SE2d 672) (1996); *Hegedus v. Hegedus*, 255 Ga. 44 (2) (335 SE2d 284) (1985). The affidavit of McNamara is evidence that could have been elicited at trial with proper diligence and is merely cumulative of appellant's own testimony. Thus, the trial court did not err in denying the motion for new trial.

2. Appellant maintains that the trial court erred in denying her motion for change of venue to Glynn County where the disputed real property is located. This enumeration of error is without merit as an action to cancel a deed conveying land based upon allegations of fraud is not a suit respecting title to land but is an equitable action that must be brought in the county of residence of the defendant. *Hawkins v. Pierotti*, 232 Ga. 631 (208 SE2d 452) (1974); Ga. Const. 1983, Art. VI, Sec. II, Par. III.

3. Appellant's claim that the trial court erred in refusing her counsel's request to ask leading questions during direct examination of McNamara, who has had a stroke and has difficulty communicating, is without merit as the record shows that leading questions were in fact allowed during the direct examination.

4. Appellant's contention that the trial court's judgment was against the weight of the evidence is also without merit. Where there is any evidence to support a judgment, however slight, the appellate court will not disturb the trial court's refusal to grant a new trial, *Ricketson v. Fox*, 247 Ga. 162 (2) (274 SE2d 556) (1981); the trial transcript contains evidence that would support the trial court's judgment and its subsequent denial of appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*James D. Benefield III,* for appellant.
*Johnson & Johnson, Emmett P. Johnson, Emmett P. Johnson, Jr.,* for appellee.