A09A0511, A09A0592. LOCKRIDGE et al. v. SMITH et al.;
and vice versa.
(680 SE2d 501)

ANDREWS, Presiding Judge.

These appeals arise from a complaint filed in the Superior Court of Walton County seeking various relief with respect to deeds by which D. B. Smith[1] conveyed interests in real property prior to his death in 2006. The appeal in Case No. A09A0592 concerns Count 1 of the complaint in which Mr. Smith's surviving spouse, Dorothy H. Smith, and others sought an order setting aside a quitclaim deed executed and recorded in 2005 from D. B. Smith to Danny M. Lockridge and others, on the basis that Mr. Smith lacked sufficient mental capacity to execute the deed. In Case No. A09A0592, we affirm the trial court's order on summary judgment finding that Mr. Smith was competent to execute the deed. The appeal in Case No. A09A0511 concerns Count 2 of the complaint in which Mrs. Smith and others asserted alternative claims based at law and in equity with respect to the validity of eleven deeds executed by Mr. Smith between 1975 and 1980 and subsequently recorded in 1997 or 1998 after the names of the grantees on the deeds had been altered. In Case No. A09A0511, we find: (1) that expiration of the applicable seven-year limitation period barred the claim based purely in equity, and therefore the trial court erred by denying summary judgment on this claim, and (2) that the trial court did not address the claim that was primarily an action at law, and which remains pending.

1. In order to avoid the 2005 quitclaim deed on the ground that the grantor, D. B. Smith, was not mentally competent, it must be shown that Mr. Smith "was non compos mentis, that is entirely without understanding at the time the deed was executed." (Citations and punctuation omitted.) *Thomas v. Garrett*, 265 Ga. 395, 398 (456 SE2d 573) (1995); *Armour v. Peek*, 271 Ga. 202, 203 (517 SE2d 527) (1999). "[W]eakness of mind not amounting to imbecility is not sufficient mental incapacity to justify setting a deed aside." (Citations and punctuation omitted.) *Thomas*, 265 Ga. at 398. Although mental competency at the time the deed was executed is the issue, to

---

[1] D. B. Smith was also known as Dannie B. Smith and Dannie Borson Smith.

determine this issue a court can consider evidence as to the grantor's competency for a reasonable period of time before and after the deed was executed. *Kesler v. Kesler*, 219 Ga. 592, 593 (134 SE2d 811) (1964); *Doster v. Bates*, 256 Ga. App. 585, 589 (568 SE2d 736) (2002).

When Mr. Smith executed the deed on February 23, 2005, conveying real property to his grandson, Danny M. Lockridge (and to his grandson's wife and child), he was 89 years of age. The attorney who met with Mr. Smith about a month prior to February 23 to discuss preparation of the deed, and who then prepared the deed and witnessed Mr. Smith sign it, stated by affidavit that Mr. Smith appeared mentally competent when he initially met with her about the deed and when he executed it. The attorney stated that, when she initially met with Mr. Smith, he said he wanted her to prepare the deed conveying his property to the grantees; that she questioned him about his intention and was satisfied that he understood what he was doing; and that, when she subsequently met with him to execute the deed, she explained the deed and "was satisfied that Mr. Smith understood what he was signing and that it was his wish to convey the property." The record relied on by the trial court also contained the deposition of a physician trained in psychiatry who examined Mr. Smith 46 days after he executed the deed for the purpose of doing a psychiatric evaluation to assess his mental competency to make decisions. The physician concluded that Mr. Smith had "mild cognitive impairment . . . but not to the degree where it affects social interactions." On the day of the examination, the physician found that Mr. Smith was mentally capable of signing and understanding a contract. During a follow-up examination about a month later the physician found that Mr. Smith was "mildly flirtatious" with her and "showed some slowing of his thought processes" but was still competent to make decisions and understand a contract. Appellants point to the deposition of a psychologist who examined Mr. Smith in February 2006 and found, at that point, he was experiencing delusions. But the psychologist could not say how long Mr. Smith had been delusional, and concluded only that Mr. Smith's mental condition had deteriorated from the point in April 2005 when he was diagnosed with a mild cognitive impairment.

"The law presumes every man to be sane until there is evidence to the contrary, and the burden is on the party attacking a contract to show the incompetency of the signer at the time of the execution thereof." *Armour*, 271 Ga. at 203. The trial court correctly concluded that the appellants failed to produce any evidence that, at the time Mr. Smith executed the deed, he did not have the mental competence necessary to convey the property. The evidence demanded the conclusion reached by the trial court — that Mr. Smith was mentally competent to execute the quitclaim deed. The trial court correctly

430

granted summary judgment in favor of the appellees in Case No. A09A0592. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Count 2 of the complaint, as amended, asserted two alternative claims with respect to 11 deeds to real property executed by Mr. Smith between 1975 and 1980.[2] It alleged that, as originally executed, five of the deeds conveyed property to grantee Terri Lockridge Sanders (a grandchild of Mr. and Mrs. Smith), and six of the deeds conveyed property to grantee Virginia S. Lockridge (a child of Mr. and Mrs. Smith). Count 2 further alleged that, before the deeds were recorded in 1997 or 1998, Mr. Smith materially altered the deeds by deleting the names of the original grantees, and then by changing the grantee to his grandson, Danny M. Lockridge, on the five deeds originally granted to Sanders, and by changing the grantees to his grandsons, Danny M. Lockridge and David Paul Lockridge, on the six deeds originally granted to Virginia S. Lockridge.[3]

(a) The first claim asserted in Count 2, brought by Mrs. Smith and Lory Faye Jones (a child of Mr. and Mrs. Smith), further alleged that, when Mr. Smith changed the names of the grantees on the deeds prior to recording the deeds, the deeds had not been delivered to the original grantees and remained in Mr. Smith's possession. This claim sought an order setting aside the recorded deeds on the basis that the deeds were not properly re-attested when Mr. Smith changed the names of the grantees and subsequently recorded the deeds. We conclude that this claim, which did not assert legal title to the deeded property, was purely an action in equity rather than at law. "A suit to establish title to land, or to establish the evidence of title, is one that must be brought in equity, but suits to recover land upon legal title are actions at law." *Payne v. Terhune*, 212 Ga. 169, 170 (91 SE2d 348) (1956). In an action at law, the plaintiff seeks to recover land by asserting "a presently enforceable legal title" against the defendant's interest. *Hayes v. Howell*, 251 Ga. 580, 581-582 (308 SE2d 170) (1983). In other words, in an action at law "the plaintiff can recover on his title alone," but in an action in equity the plaintiff seeking to establish title or evidence of title "must ask the aid of a court of equity in order to recover." (Citation and punctuation omitted.) Id. at 581. Mrs. Smith and Jones did not seek to recover land by asserting they had a presently enforceable legal title, but sought to establish title or evidence of title by asking

---

[2] Mr. and Mrs. Smith were both shown as grantors on these deeds, but it is undisputed that, at the time the deeds were executed, Mr. Smith was the sole owner of the deeded property.

[3] The parties agree that Mr. Smith altered the deeds, and that the trial court erred by finding the deeds were altered by the named Lockridge defendants.

a court of equity to set aside the altered deeds.

Because the claim asserted in Count 2 by Mrs. Smith and Jones was purely an action in equity to set aside or cancel the deeds, Danny and David Lockridge moved for summary judgment on the basis that the claim was subject to the seven-year limitation period applicable to such actions, and that it was untimely because it was filed on February 27, 2007, more than seven years after the deeds were executed, altered, and subsequently recorded in 1997 or 1998. "By analogy to the rule that an action to recover land can be defeated by a prescriptive title acquired by seven-years possession under color of title, the period of limitation applicable to an equitable suit for cancellation of a deed is seven years from the date of its execution." (Citation and punctuation omitted.) *Payton v. Daughtry*, 223 Ga. 438, 439 (156 SE2d 29) (1967); *Knight v. Dept. of Transp.*, 239 Ga. 368, 370 (236 SE2d 826) (1977). In opposition to summary judgment, Mrs. Smith and Jones contended that, where fraud is the basis for the alleged invalidity of the deed, the seven-year period is tolled and does not begin to run until the fraud is discovered. *Stephens v. Walker*, 193 Ga. 330, 331-332 (18 SE2d 537) (1942). According to Mrs. Smith and Jones, the seven-year limitation period was tolled until they discovered less than seven years before filing suit that Mr. Smith fraudulently altered the grantees on the deeds. We disagree. This claim was based on the allegation that Mr. Smith altered the grantees on the deeds while the deeds remained in his possession before they were delivered. If the deeds remained undelivered and in his possession, Mr. Smith committed no fraud by altering the names of the grantees.[4] See *Van Dyke v. Van Dyke*, 119 Ga. 830 (47 SE 192) (1904) (alteration of deed as to grantee not valid unless done prior to delivery by authority of the grantor). It follows that the claim in equity asserted by Mrs. Smith and Jones was barred by the seven-year limitation period. In Case No. A09A0511, the trial court erred by denying summary judgment to Danny and David Lockridge on this claim. *Lau's Corp.*, supra.

(b) The second claim asserted in Count 2, brought by Virginia S. Lockridge and Terri Lockridge Sanders, made the alternative allegation that, when Mr. Smith altered the deeds by deleting their names as the original grantees, the deeds had already been delivered to them, and that title to the deeded property passed to them upon delivery of the unrecorded deeds. According to Virginia Lockridge and Sanders, this occurred because they had a fiduciary relationship with Mr. Smith pursuant to which he held the deeds on their behalf

---

[4] We do not reach the issue of whether the deeds were recordable without being re-attested.

YALE LAW LIBRARY

with the intention to pass title. This claim sought to recover land pursuant to presently enforceable legal title, so it asserted an action at law that was not subject to the seven-year limitation period or the laches defense raised in the motion for summary judgment on the above equity action. *Hayes*, supra, 251 Ga. at 581-582; *Latham v. Fowler*, 192 Ga. 686, 691-693 (16 SE2d 591) (1941); *VATACS Group v. HomeSide Lending*, 281 Ga. 50 (635 SE2d 758) (2006). This claim also sought incidental equitable relief to reform or set aside the altered deeds. Because the claim was primarily an action at law seeking the recovery of land, the incidental equitable relief was not subject to the seven-year limitation period or laches defense. *Latham*, supra, 192 Ga. at 690-693. In Case No. A09A0511, we find that the trial court's order on the summary judgment motion did not address this claim, which remains pending.

*Judgment reversed in Case No. A09A0511. Judgment affirmed in Case No. A09A0592. Miller, C. J., and Barnes, J., concur.*

DECIDED JUNE 17, 2009.

*Maddox & Harding, Todd A. Harding, Foster & Hanks, Jeffrey L. Foster*, for appellants.

*Don M. Jones, Lori B. Duff*, for appellees.