A10A1619. STRICKLAND v. MCELREATH et al.

(708 SE2d 580)

MIKELL, Judge.

We granted an interlocutory appeal to Joe Paul Strickland, the administrator of the estate of his late mother-in-law, Geraldine McElreath ("Geraldine"), to review the trial court's denial of his motion to transfer the underlying suit against him to the county of his residence. Because the claims at issue sound in equity, venue lies in the county of Strickland's residence. Therefore, we reverse the trial court's judgment.

The trial court's application of the law to the allegations of the

---

[15] *See Thorne v. Padgett*, 259 Ga. 650, 651 (386 SE2d 155) (1989).

complaint is subject to de novo review.[1] Jerry McElreath and Fred McElreath ("the McElreaths"), Geraldine's surviving sons, filed the complaint in equity in Madison County against Strickland individually and as administrator of Geraldine's estate. The complaint alleges that the McElreaths' father, Robert Hoyle McElreath ("Robert"), began acquiring various parcels of land in Madison County in the 1950s; that he and Geraldine had announced their intention to divide the real property equally among their children; that Robert died in 1971 survived by Geraldine and their five children; that the children conveyed their interests in the property to Geraldine, thereby creating an implied resulting trust; and that Geraldine died on March 8, 1997.

The complaint also alleges that ten hours before her death, Geraldine purportedly executed a deed conveying all of the real property to her daughter Flora Diane McElreath Strickland ("Flora"), who was married to Strickland; that Flora placed the pen in Geraldine's hand and moved it to sign her name; that Geraldine lacked the mental or physical capacity to execute the deed; that the McElreaths acquired an interest in the real property by virtue of an implied resulting trust; that Flora made several conveyances to effectuate the trust but then died in 2003; that although Strickland is Flora's surviving spouse and sole heir, he has never probated her estate; that Strickland, individually, made additional conveyances consistent with the implied resulting trust; but that as the administrator of Geraldine's estate, he has breached his fiduciary duty to distribute the remaining property in accordance with the laws of intestacy. The McElreaths seek to set aside the deed from Geraldine to Flora, to remove Strickland as administrator, and to have the property declared included in the corpus of the trust and subject to the McElreaths' interests therein.

Strickland moved to transfer the case to Barrow County, where he resides, asserting that venue is proper there because the McElreaths seek equitable relief. The trial court denied the motion, ruling that, regardless of the title of the complaint as one in equity, "the suit involves the deed/title to land and whether or not the deed executed was valid." The court issued a certificate of immediate review, and we granted Strickland's application for interlocutory appeal.[2]

Strickland argues that, with the exception of the claim seeking to remove him as administrator, venue lies in the county of his residence because the remaining claims sound in equity. We agree.

---

[1] See *HD Supply v. Garger*, 299 Ga. App. 751 (683 SE2d 671) (2009).

[2] The trial court also held that the Madison County Probate Court has jurisdiction over the proceeding to remove Strickland as administrator, and he does not challenge that portion of the order.

Pursuant to our Constitution, "[c]ases respecting titles to land shall be tried in the county where the land lies," while "[e]quity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed."[3] "The common test as to whether an action to recover land is an action respecting title to land within the venue provision of our Constitution is whether the plaintiff can recover on his title alone, or whether he must seek the aid of a court of equity in order to recover."[4]

> If the plaintiff, without resorting to the powers of the superior court as a court of equity and without invoking equitable relief, can, upon her legal title, recover, the suit is well brought in the county where the land lies; but if, in order to vest herself with a legal title upon which she can recover at law, it becomes necessary at first to assert an equity as against the person invested with the legal title, then . . . the action should have been brought in the county wherein the defendant resided.[5]

In the case at bar, the McElreaths must resort to the superior court's equitable powers to obtain their requested relief. They seek to impress a resulting trust on real property, and "[t]rusts are peculiarly subjects of equity jurisdiction."[6] In addition, in order to obtain title to the land, the McElreaths seek to set aside the deed from their mother to their sister. Our Supreme Court has repeatedly held that a petition to set aside a deed is not a suit respecting title to land that must be brought in the county where the land lies but, instead, is a suit in equity that must be brought in the county of the defendant's residence.[7] Consequently, venue lies in the Superior Court of Barrow County, where Strickland resides, and the trial court erred in denying his motion to transfer.

*Judgment reversed. Adams, J., concurs. Smith, P. J., concurs fully and specially.*

---

[3] Ga. Const. 1983, Art. VI, Sec. II, Pars. II & III; *Hayes v. Howell*, 251 Ga. 580, 581 (1), n. 1 (308 SE2d 170) (1983).

[4] (Citations omitted.) *Payne v. Terhune*, 212 Ga. 169, 170 (91 SE2d 348) (1956). Accord *Schuehler v. Pait*, 239 Ga. 520, 523-524 (2) (238 SE2d 65) (1977) (cases involving title to land do not include actions in which the plaintiff must first seek the aid of equity to perfect his title); *Lockridge v. Smith*, 298 Ga. App. 428, 430 (2) (a) (680 SE2d 501) (2009).

[5] *Clayton v. Stetson*, 101 Ga. 634, 638 (28 SE 983) (1897).

[6] OCGA § 53-12-6 (a); *Rader v. Levenson*, 290 Ga. App. 227, 229 (1) (b) (659 SE2d 655) (2008); *In re Longino*, 281 Ga. App. 599, 602 (3) (636 SE2d 683) (2006).

[7] *Deen v. Altman*, 267 Ga. 111, 112 (2) (475 SE2d 611) (1996); *Hawkins v. Pierotti*, 232 Ga. 631 (208 SE2d 452) (1974); *Borden v. I. B. C. Corp.*, 220 Ga. 688, 690 (1) (141 SE2d 449) (1965).

Sᴍɪᴛʜ, Presiding Judge, concurring fully and specially.

I concur with the majority opinion and all that is said there; I write separately to note that the application for interlocutory appeal was transferred to this court by the Georgia Supreme Court pursuant to the following order:

> Applicants seek to invoke this Court's equity jurisdiction to challenge the trial court's order denying the motion for a change of venue in this action to set aside a deed and to establish an implied trust. However, because the propriety of equitable relief is not a substantive issue on appeal, this Court's jurisdiction over equity cases is not invoked. See *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 756 (493 SE2d 132) (1997); see also *Mabra v. Deutsche Bank & Trust Co.*, 277 Ga. App. 764, n. 1 (627 SE2d 849) (2006). Therefore, it is hereby ordered that the application be transferred to the Court of Appeals.

As we observed in *Foster v. Wilmington Plantation Owners Assn.*, 304 Ga. App. 239, 241 (696 SE2d 85) (2010), the Supreme Court has long recognized that "substantially identical phrases" contained in both the venue provisions of the Georgia Constitution and the provisions governing the appellate jurisdiction of the Georgia Supreme Court "should be interpreted harmoniously unless harmonious interpretation renders either provision unreasonable." (Citations and footnote omitted.) *Graham v. Tallent*, 235 Ga. 47, 50 (218 SE2d 799) (1975) ("cases respecting title to land").

In the case before us, we reach the conclusion that a petition to set aside a deed and impose a trust is a suit in equity for purposes of venue, as provided in Ga. Const. of 1983, Art. VI, Sec. II, Par. III. Again, I fully agree with that conclusion and the analysis supporting it. As the majority makes abundantly clear, the *only* issue on appeal here is whether this is a case in equity. That being so, however, I have great difficulty in grasping the reasoning underlying the order that transferred the case to us, because I am unable to understand how it can be that "the propriety of equitable relief is not a substantive issue on appeal."

DECIDED MARCH 23, 2011.

*N. David Wages*, for appellant.

*Timmons, Warnes & Anderson, John W. Timmons, Jr.,* for appellees.