**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 26, 2022**

# In the Court of Appeals of Georgia

A22A0289. HENDERSON et al. v. FISHER et al.

DILLARD, Presiding Judge.

Chad Richard Henderson and Henderson Legal, LLC, appeal from the trial court's denial of their motion to transfer venue in a case brought by Edna Thomas Fisher and Mary Anderson Fisher. In doing so, Henderson and Henderson Legal argue the trial court incorrectly concluded that the Fishers are seeking title to land and thus the only court capable of granting them title is in the county where the land sits. For the reasons set forth *infra*, we reverse.

In considering the trial court's ruling on a motion to transfer venue, we will affirm the court's findings on disputed factual questions relating to venue "if there is any evidence to support them," but we review *de novo* its application of the law to

undisputed facts.[1] So viewed, the record shows that the Fishers owned real property in Clayton County at 445 Autumn Drive, Riverdale, Georgia, as tenants in common. They entered into an agreement to sell that property to defendant HRD Capital Partners, LLC, for $85,000. Henderson was the closing attorney for the sale, so he and his firm (Henderson Legal) prepared the closing documents. These documents—which included a warranty deed transferring title from the Fishers to HRD Capital—were then given to Tyrome Henderson, who was HRD Capital's manager but is *not* a licensed attorney authorized to practice law.

According to the Fishers, on January 17, 2020, Tyrome met them at a bank, where they all executed the closing documents in front of a notary. Tyrome then left the bank with the executed originals, including the warranty deed, without tendering the $84,934.20 HRD Capital owed the Fishers after closing costs or giving them copies of the closing documents.

According to the Fishers, five days after the closing, HRD Capital sold the property to Best Buy Homes for $118,000, even though HRD Capital still had not paid them for the property. On January 27, 2020, Tyrome recorded the warranty deed, transferring title from the Fishers to HRD Capital with the Clayton County Superior

---

[1] *Hamner v. Turpen*, 319 Ga. App. 619, 620 (737 SE2d 721) (2013).

Court. That same day, he also recorded the deed transferring title from HRD Capital to Best Buy Homes. The next day, Henderson wired the Fishers $39,934.20 of the $84,934.20 that HRD Capital owed for the property, with no explanation for the $45,000 shortfall. Then, on February 7, 2020, 21 days after the Fishers' closing, Best Buy Homes sold the property to a John Doe for $87,000.

Thereafter, the Fishers filed suit claiming Henderson and Henderson Legal were liable for legal malpractice for failing to control the closing, supervise the recording of all documents conveying title, and verify the Fishers received all funds from the purchaser, as well as for the negligence that allowed Tyrome and HRD Capital to commit fraud. The Fishers also included claims of fraud against Tyrome and HRD Capital, and breach of contract against HRD Capital.

Citing fraud and a failure of consideration, the Fishers asked the trial court to rescind the sale of the property to HRD Capital and cancel the deed transferring title of the property and all subsequent deeds to the property, thereby returning title to them. They further asked the trial court to order HRD Capital to perform its obligations under the contract, including payment of the $45,000 still owed.[2] Finally,

---

[2] As of the filing of their complaint, the Fishers alleged they still had not received the $45,000 owed to them.

3

the Fishers sought actual and punitive damages from Henderson, Henderson Legal, Tyrome, and HRD Capital, along with attorney fees and costs.

Henderson and Henderson Legal filed a motion to transfer venue to Cobb County on the basis that none of the defendants are residents of or have an office in Clayton County, and the only reason the case was before the Clayton County Superior Court was because the property at issue was located in Clayton County. Further, Henderson and Henderson Legal argued the Fishers' claims surrounding title to land sounded in equity, not law, so the proper venue was not where the property is located. Henderson and Henderson Legal sought to transfer venue to Cobb County because it is the county of residence for Tyrome and the principal place of business for HRD Capital.

In response to the motion, the Fishers argued that while they were seeking certain equitable remedies with regard to the land, including rescission of the sale and cancellation of the warranty deed transferring title to HRD Capital, they also sought to divest all parties in the chain of title of their title and invest the title back in them. Thus, they argued divestment and bestowment of title necessarily involve title to land, making venue proper in Clayton County where the property is located.

4

The trial court denied Henderson and Henderson Legal's motion to transfer venue, concluding the Fishers' complaint concerned title to land. The court agreed with the Fishers that the divestment and bestowment of title necessarily involve title to land, and that the complaint is, in part, an action to recover the Fishers' land based on their title. The court also noted that the Fishers claimed the consideration for the sale of the property had failed, and if there was no sale, then legal title to the property remains in their names. The court further explained that the claims against multiple defendants arose out of the same set of facts and circumstances as the claims involving title to the property, and the only venue and jurisdiction that can address the issue of title is Clayton County. Moreover, the court found that no other superior court in Georgia would have authority to order the reconveyance of title to the property other than the Clayton County Superior Court. Even so, the court certified its decision for immediate review. This interlocutory appeal follows.

Henderson and Henderson Legal contend the trial court erred in concluding venue was proper in Clayton County when no defendant resides in Clayton County and the suit sounds in equity, not law. We agree.

The Georgia Constitution provides that "[c]ases respecting titles to land shall be tried in the county where the land lies," while "[e]quity cases shall be tried in the

county where a defendant resides against whom substantial relief is prayed."[3] And the common test as to whether an action to recover land is one respecting title to land within the meaning of our Constitution is if "the plaintiff can recover on his title alone, or whether he must seek the aid of a court of equity in order to recover."[4] Thus, if the plaintiff, "without resorting to the powers of the superior court as a court of equity and without invoking equitable relief, can, upon her legal title, recover, the suit is well brought in the county where the land lies[.]"[5] But if in order to "vest herself with a legal title upon which she can recover at law, it becomes necessary at first to

---

[3] GA. CONST. Art. VI, Sec. II, Pars. II-III.

[4] *Strickland v. McElreath*, 308 Ga. App. 627, 629 (708 SE2d 580) (2011); *accord State Highway Dep't v. Ga. S. & F. Ry. Co.*, 216 Ga. 547, 548 (1) (117 SE2d 897) (1961); *Payne v. Terhune*, 212 Ga. 169, 170 (91 SE2d 348) (1956); *see Frazier v. Broyles*, 145 Ga. 642, 642 (89 SE 743) (1916) ("One test as to whether a suit to recover land is one of ejectment simply, and is a case 'respecting title to land,' is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover.").

[5] *Strickland*, 308 Ga. App. at 629; *accord Sternbergh v. McClure*, 217 Ga. 278, 280 (1) (122 SE2d 217) (1961); *Brown v. Martin*, 137 Ga. 338, 345 (1) (73 SE 495) (1912); *Martin v. Gaissert*, 134 Ga. 34, 39 (1) (67 SE 536) (1910); *Clayton v. Stetson*, 101 Ga. 634, 638 (28 SE 983) (1897).

6

assert an equity as against the person invested with legal title, then the action should have been brought in the county wherein the defendant resided."[6]

As the Supreme Court of Georgia has explained, cases "respecting titles to land" under our Constitution are actions at law, "such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant, for recovery of land or recovery of the land and mesne profits."[7] And a petition to set aside a deed is *not* a suit respecting title to land, "but, instead, is a suit in equity that must be brought in the county of the defendant's residence."[8]

---

[6] *Strickland*, 308 Ga. App. at 629; *accord Sternbergh*, 217 Ga. at 280 (1); *Brown*, 137 Ga. at 345 (1); *Gaissert*, 134 Ga. at 39 (1); *Clayton*, 101 Ga. at 638.

[7] *Schuehler v. Pait*, 239 Ga. 520, 523 (2) (238 SE2d 65) (1997); *accord Hayes v. Howell*, 251 Ga. 580, 581 (1) (308 SE2d 170) (1983); *Southall v. Carter*, 229 Ga. 240, 243 (190 SE2d 517) (1972); *Grand Lodge of Ga., Indep. Ord. of Odd Fellows v. City of Thomasville*, 226 Ga. 4, 5 (1) (172 SE2d 612) (1970); *White v. Gordon*, 213 Ga. 730, 731 (1) (101 SE2d 759) (1958); *Owenby v. Stancil*, 190 Ga. 50, 55 (2) (8 SE2d 7) (1940).

[8] *Strickland*, 308 Ga. App. at 629; *see Deen v. Altman*, 267 Ga. 111, 112 (2) (475 SE2d 611) (1996) ("[A]n action to cancel a deed conveying land based upon allegations of fraud is not a suit respecting title to land but is an equitable action that must be brought in the county of residence of the defendant."); *Hawkins v. Pierotti*, 232 Ga. 631, 631 (208 SE2d 452) (1974) ("An action by a grantor to cancel a deed conveying land, which she alleges was obtained from her by the grantees by fraud and coercion, is not a suit respecting the title to land within the meaning of the

Here, the Fishers seek to cancel the conveyance of the land at issue on two bases: fraud and failure of consideration. As a result, Henderson and Henderson Legal argue this case is analogous to *Strickland v. McElreath*,[9] in which this Court determined that case was in equity when the plaintiffs alleged fraud and breach of fiduciary duty and sought title as relief.[10] They also distinguish this case from *Southall v. Carter*,[11] on which the trial court relied, because that case concerned a statutory partition action, in which the parties could recover on title alone, and the parties were *not* seeking to establish title to land or evidence of title.

In *Southall*, our Supreme Court concluded that "a statutory partition action in this State, which can bestow title on both parties and divest both parties of title, is a case 'respecting titles to land,' and proper venue is in the county where the land is

Constitution . . . , but is an equitable action, and must be brought in the county of the residence of the defendants[.]"); *Borden v. I. B. C. Corp.*, 220 Ga. 688, 690 (1) (141 SE2d 449) (1965) ("A petition to set aside and cancel a deed is not such a suit respecting title to land as must be brought in the county where the land lies, must be brought, if the defendant resides in this State, in the county of his residence." (citation omitted)).

[9] 308 Ga. App. 627 (708 SE2d 580) (2011).

[10] *See id.* at 629.

[11] 229 Ga. 240 (190 SE2d 517) (1972).

situated."[12] Additionally, the *Southall* Court noted the parties in that case owned legal title to the land as tenants in common, and the appellant sought to recover her portion of the land and possession of her portion of the land on the basis of her legal title.[13]

In stark contrast, there is no claim regarding a statutory partition of land in this case, and the Fishers' lawsuit will not divest both parties of title, as it is *undisputed* that legal title currently belongs to defendant John Doe.[14] Instead, the Fishers seek to rescind the sale and cancel the conveyance of the land, partially on the basis of fraud. Indeed, they specifically invoke the trial court's equitable powers in making this claim. So, while the Fishers are requesting that the court "divest" title from all parties in the chain of title and "bestow" the title upon them as plaintiffs, they are essentially asking the court to cancel a deed conveying land based upon allegations of fraud. And

---

[12] *Id.* at 243.

[13] *See id.* at 243-44.

[14] *See Schuehler*, 239 Ga. at 523-24 (2) (holding that case was one in equity to establish the appellants' title to the land when they admitted title to the land was vested in the appellees, but claimed the trial court should declare title in the appellants and that upon equitable title being established in the appellants a statutory partitioning of the land should be made).

our Supreme Court has concluded that such an action is *not* a suit respecting title to land but is instead an equitable action.[15]

Additionally, the Fishers claim the consideration for the sale failed, causing title to the property to remain with them. But whether this claim has merit,[16] it too is equitable in nature because the basis for the claim does not respect title to land as that phrase is explained *supra*.[17] In fact, the claim is essentially that, although the

---

[15] *See supra* note 8 & accompanying text.

[16] *See Cook v. Grimsley*, 175 Ga. 138, 142-43 (165 SE 30) (1932) ("[P]erhaps the cardinal rule, by which to determine the character of the action is to ascertain the intention of the pleader as disclosed by the allegations and prayers of the petition. . . . In the present case we are considering mainly the matter of jurisdiction, and not the question of the plaintiff's ultimate right to the relief prayed for.").

[17] *See Slaick v. Arnold*, 307 Ga. App. 410, 411-12 (705 SE2d 206) (2010) (quoting transfer order from Supreme Court to Court of Appeals, which explained that "appellee did not dispute appellant's record ownership of the property at issue; instead, appellee sought a judicial declaration that appellant's deed was void for various reasons including lack of valid consideration" and, "[t]herefore, this case does not come within this Court's title to land jurisdiction"); *see also Dawson v. Altamaha Land Co.*, 215 Ga. 700, 703 (1) (113 SE2d 129) (1960) ("[L]ooking to the facts alleged by the plaintiff and the nature and character of the relief sought, we are of the opinion that this is a case in equity . . . , which a court of equity, under the alleged circumstances of this case, has a right to adjudicate.").

agreement and transfer were valid at first, HRD Capital's subsequent failure to pay as promised is a basis to cancel the transaction.[18]

In light of the foregoing, this is an equity case, *not* a case respecting title to land.[19] As a result, the proper venue is not where the property at issue is located, but the county where a defendant resides.[20] As a result, the trial court erred in denying

---

[18] *Cf. Barrett v. Simmons*, 235 Ga. 600, 601 (1) (221 SE2d 25) (1975) ("A promise to pay constitutes consideration. Failure to pay the consideration promised, although it constitutes a breach, does not render the conveyance invalid for lack of consideration."); *Slaick* , 307 Ga. App. at 412 (1) (same). We reject the Fishers and trial court's reliance upon *Deadwyler & Co. v. Karow & Forrer*, 131 Ga. 227 (62 SE 172) (1908), because that case is inapposite to the contentions at issue in this appeal—having dealt with an impossible ascertainment of consideration. *See id.* at 232 (explaining that when "the consideration for the sale of property is to be determined by ascertaining its quantity, and meanwhile this is rendered impossible by reason of its destruction, . . . the sale fails, because the consideration becomes impossible of ascertainment").

[19] *See supra* note 8 & accompanying text; *see also Ball v. Brunswick Pulp & Paper Co.*, 248 Ga. 106, 106 (1) (281 SE2d 571) (1981) ("The action is in equity rather than being an action respecting title to land because the plaintiffs cannot recover on the strength of their own title; rather, they must rely upon the aid of a court of equity to set aside the timber contract and lease."); *Fowler v. S. Airlines*, 192 Ga. 845, 845 (1) (16 SE2d 897) (1941) (Syllabus by the Court) ("A suit to enjoin a sale of land, and to cancel a security deed thereon, is not a suit respecting title to land within the meaning of the constitution of this State, but an equity case." (citation omitted)).

[20] *See supra* note 6 & accompanying text; *see also Screven Cty. v. Reddy*, 208 Ga. 730, 731 (1) (69 SE2d 186) (1952) ("Where a petition shows that the defendant has legal title to the land and seeks to set up a perfect equity in the plaintiff, and prays

Henderson and Henderson Legal's motion to transfer venue from Clayton County to Cobb County.[21]

For all these reasons, we reverse the trial court's judgment.

*Judgment reversed. Mercier and Markle, JJ., concur.*

---

that the property be decreed to be that of the plaintiff, such action cannot be brought in the county where the land lies if the defendant be not a resident thereof.").

[21] *Cf. Bradley v. Burns*, 188 Ga. 434, 437 (1 ) (4 SE2d 147) (1939) ("[W]e find that the petition showed that the plaintiff had no title, and that only after relief in equity decreeing title in him would he have an action at law for recovery of the land; and since, as ruled above, he would be entitled to such equitable relief against [appellant] only when suit is brought therefor in the county where he resides, the demurrer should have been sustained and the action dismissed.").