A97A1093. DUNHILL CONDOMINIUM ASSOCIATION, INC.
v. GREGORY.
(492 SE2d 242)

POPE, Presiding Judge.

In this case, we consider the circumstances under which a secondary purchase-money mortgage is superior to a condominium association's lien against a condominium unit for unpaid fees. Based on its interpretation of OCGA §§ 44-3-109 (a) (4) and 44-3-80 (f), the trial court ruled that a secondary purchase-money mortgage is superior to a condominium association's lien whenever the mortgagee did not directly sell the unit to the debtor who eventually failed to make the mortgage payments or pay the condominium fees. We disagree with this interpretation and therefore reverse the trial court's grant of summary judgment for the secondary purchase-money mortgagee, as

well as its denial of summary judgment for the condominium association.

Gregory sold a condominium to Barker in 1990. Gregory partially financed the sale, and his loan to Barker was secured by a secondary purchase-money mortgage. Two years later Barker sold the condominium to Francisco, who assumed Barker's debt to Gregory. When Francisco failed to make his payments to Gregory, Gregory reacquired title through a foreclosure sale in February 1995. In the meantime, however, Francisco had also failed to pay his condominium association fees to Dunhill Condominium Association ("the Association"). When the Association billed Gregory for the fees, penalties, and attorney fees owed by Francisco, Gregory brought this action for a declaratory judgment.

Although a condominium association's lien has priority over most other liens, it is subordinate to a first mortgage or a secondary purchase-money mortgage, "provided that neither the grantee nor any successor grantee on the mortgage is the seller of the unit." OCGA § 44-3-109 (a) (2), (4). And although the condominium association can generally hold the new owner of a condominium unit liable for unpaid pre-conveyance assessments, it cannot do so if the new owner acquired title as a result of the foreclosure of a first mortgage or a secondary purchase-money mortgage, "provided that neither the grantee nor any successor grantee on the secondary purchase-money mortgage is the seller of the unit." OCGA § 44-3-80 (e) & (f). Thus, whether the Association still has a valid lien and can collect pre-foreclosure fees and assessments from Gregory depends on whether Gregory "is the seller of the unit" within the meaning of these provisions of the Condominium Act.

The word "seller" is not defined in the Act. But the term "purchase-money mortgage" necessarily implies that the mortgage was created in conjunction with a sale transaction. Accordingly, when the term "purchase-money mortgage" is followed by a limiting clause which contains the word "seller," it is most logical to interpret the word "seller" as a reference to the seller in the sale transaction in which the mortgage was created, rather than the sale transaction in which the ultimately defaulting debtor purchased the property.

Moreover, this logical interpretation is consistent with the purpose of the portions of the Condominium Act relating to assessments and liens. The intent of these provisions is to establish the priority of condominium association liens over other liens, with certain limited exceptions, and to facilitate the enforcement of those liens. *Propes v. Stonington Homeowners Assn.*, 149 Ga. App. 135, 138 (2) (253 SE2d 813) (1979). "[P]ublic policy requires that condominium associations have sufficient power to enforce the collection of assessments"; otherwise, the association will not be able to continue to function and meet

its obligations without unfairly burdening the other members of the community. *Casey v. North Decatur Courtyards Condo. Assn.*, 213 Ga. App. 190, 191 (1) (444 SE2d 361) (1994); accord *Chattahoochee Chase Condo. Assn. v. Ruben*, 221 Ga. App. 724, 726 (1) (472 SE2d 520) (1996); *Forest Villas Condo. Assn. v. Camerio*, 205 Ga. App. 617 (1) (422 SE2d 884) (1992). See also *Carroll v. Oak Hall Assoc., L.P.*, 898 SW2d 603 (Mo. App. W.D. 1995) (subordination of condominium association's lien is exception rather than rule, and statutory exceptions to priority of condominium association's lien should be strictly construed).

The trial court held that "seller" refers only to the person who sold the unit to the defaulting debtor; so if the mortgagee was not this person, he was not liable for pre-foreclosure fees and assessments. If this interpretation were correct, however, a seller/mortgagee could easily avoid the purpose of the statute by setting up an intermediate, straw-man transaction to prevent him from being the direct seller to anyone who might eventually default.

For these reasons, the trial court erred in its interpretation of OCGA §§ 44-3-109 (a) (4) and 44-3-80 (f). The judgment below is reversed, and the case is remanded to allow the trial court to make a determination regarding the reasonableness of the attorney fees the Association is seeking.

*Judgment reversed and case remanded. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1997 —
RECONSIDERATION DENIED SEPTEMBER 12, 1997 —

*Weissman, Nowack, Curry & Zaleon, Charles B. Waters, Jr., Frances R. Mathis*, for appellant.
*Jason M. Braswell, David U. Crosby*, for appellee.