BOARD OF MANAGERS OF PARK-
WAY TOWERS CONDOMINIUM AS-
SOCIATION, INC., Respondent,

v.

Trish CARCOPA, et al., Defendants,

Homeward Residential Inc., Successor
by Merger to American Home Mort-
gage Servicing, Inc., Appellant,

United States of America, Defendant.

No. SC 92805.

Supreme Court of Missouri,
En Banc.

July 16, 2013.

Charles S. Pullium III and Scott D. Mosier, Millsap & Singer LLC, Chesterfield, for Mortgage Company.

Alan B. Gallas and Dewanna L. Newman, Gallas and Schulz, Kansas City, for Condominium Association.

GEORGE W. DRAPER III, Judge.

Homeward Residential, Inc. (hereinafter, "Appellant")[1] appeals the trial court's judgment, finding Appellant's lien on the condominium unit owned by Trish Carcopa and Nicole Carcopa to be inferior to the Parkway Towers Condominium (hereinafter, "Parkway Towers") Association's assessment. Appellant challenges the constitutional validity of section 448.3–116, RSMo 2000,[2] claiming the statute is unconstitutionally vague and ambiguous because its provisions are not clearly stated or defined. This Court has jurisdiction because the case involves the validity of a state statute. Mo. Const. art. V, sec. 3. There was no error. The judgment of the trial court is affirmed.

## Factual Background

Parkway Towers is located in the Country Club Plaza of Kansas City, Missouri. Parkway Towers consists of 144 individual units owned in fee simple by separate owners, and the remainder of the building is designated for common ownership by the unit owners. The Board of Managers of Parkway Towers is the executive board designated to act on behalf of Parkway Towers.

Trish Carcopa purchased a unit in Parkway Towers in January 2004. She acquired title to her property by way of warranty deed, dated January 23, 2004, and it was recorded on January 29, 2004. On June 23, 2006, Trish Carcopa executed a quit claim deed conveying the Parkway Towers unit to herself, a single person, and Nicole Carcopa, a single person.[3] The quit claim deed was recorded on July 17, 2006.

On June 23, 2006, Nicole Carcopa executed an adjustable rate note in the principal amount of $164,200; this was a refinancing of the original purchase-money lien. This note was secured by a deed of trust, dated June 23, 2006, executed by Nicole Carcopa and Trish Carcopa in favor of H & R Block Mortgage Corporation, and it was recorded on July 17, 2006. The holder of the note has changed several times, but currently it is held by Appellant.

The unit owners of Parkway Towers approved an assessment, which would be used for major repairs to the common areas, including structural components of the building, the heating and cooling systems, and refurbishing the non-structural elements. The approved assessment was in the amount of $2.7 million. Trish Carcopa and Nicole Carcopa's percentage of ownership in the common areas was 0.7169 percent, resulting in $78,144.64 assessment. Parkway Towers recorded its assessment lien with the recorder of deeds for Jackson County, Missouri.

On April 27, 2010, Parkway Towers brought its petition to judicially foreclose

---

1. While the trial court entered its judgment against Trish Carcopa, Nicole Carcopa, Option One Mortgage Corporation and the United States of America (unpaid tax lien), the only party to file a notice of appeal was Option One Mortgage Corporation. Option One Mortgage Corporation has changed names and is currently Homeward Residential, Inc.

2. All further statutory references herein are to RSMo 2000.

3. There is nothing in the record indicating the relationship between these parties nor the degree to which they may or may not be related.

on its lien alleging Trish Carcopa and Nicole Carcopa failed to pay their condominium assessments and dues, and asserting it has a first and prior lien on the condominium unit. Parkway Towers filed a motion for partial summary judgment. The trial court entered partial summary judgment in favor of Parkway Towers, finding its lien for condominium association dues was superior to Appellant's deed of trust. Appellant filed a motion for reconsideration, claiming the trial court misinterpreted the statute and asserting that section 448.3–116 was unconstitutional. The trial court denied the motion for reconsideration, and the case proceeded to be heard as a bench trial.

The bench trial consisted of stipulated facts and the testimony of a witness for Parkway Towers. Appellant appeared through its attorney. Neither Trish Carcopa nor Nicole Carcopa, while properly served, appeared or answered, and they were found to be in default.[4] The trial court entered judgment in favor of Parkway Towers, finding Appellant's lien was inferior and subordinate to Parkway Towers' lien. The trial court ordered Parkway Towers' lien to be judicially foreclosed. Appellant appeals.

### Standard of Review

This Court reviews the constitutional validity of a statute *de novo*. *Gurley v. Missouri Bd. of Private Investigator Examiners*, 361 S.W.3d 406, 411 (Mo. banc 2012). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision." *In re Brasch*, 332 S.W.3d 115, 119 (Mo. banc 2011). This Court "resolve[s] all doubt in favor of the [statute's] validity" and in doing so should make every reason-

able intendment to sustain its constitutional validity. *Ocello v. Koster*, 354 S.W.3d 187, 197 (Mo. banc 2011) (quoting *Westin Crown Plaza Hotel Co. v. King*, 664 S.W.2d 2, 5 (Mo. banc 1984)). "The person challenging the statute's validity bears the burden of proving the act clearly and undoubtedly violates the constitution." *Kansas City Premier Apartments, Inc. v. Missouri Real Estate Com'n*, 344 S.W.3d 160, 167 (Mo. banc 2011) (quoting *In re Brasch*, 332 S.W.3d at 119).

The vagueness doctrine protects against the arbitrary and discriminatory application of laws. *Reproductive Health Services of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 185 S.W.3d 685, 689 (Mo. banc 2006). The test for vagueness is whether a person of ordinary intelligence is able to understand the proscribed conduct. *Id.*

### Analysis

Appellant claims section 448.3–116 is unconstitutional because it is vague and ambiguous. Appellant believes the statute is vague with respect to its application to determine priority between a refinancing deed of trust and a delinquent condominium association assessment, section 448.3–116.2(4). This is the first time the constitutional validity of this section has been challenged.

A condominium association is granted super-priority status with regard to an assessment lien because the assessments against individual unit owners ensure that the common elements are maintained and the value of the entire condominium is not diminished. *See* section 448.3–102.1(6) (delineating the powers of a unit owners' association to

---

4. It does not appear that Trish Carcopa and Nicole Carcopa ever sought to set aside the default judgment.

regulate the "use, maintenance, repair, replacement, and modification of common elements"); section 448.3–102.1(7) (delineating the powers of a unit owners' association to make additional improvements to the common elements); and section 448.1–103(4) (defining the common elements as all parts of the condominium other than the individual units). "Public policy requires that condominium associations have sufficient power to enforce the collection of assessments; otherwise, the association will not be able to continue to function and meet its obligations without unfairly burdening the other members of the community." *Dunhill Condo. Ass'n, Inc. v. Gregory,* 228 Ga.App. 494, 492 S.E.2d 242, 243 (1997) (internal quotations and citations omitted) *(citing Carroll v. Oak Hall Assocs., L.P.,* 898 S.W.2d 603 (Mo. App.W.D.1995) (subordination of condominium association's lien is exception rather than rule, and statutory exceptions to priority of condominium association's lien should be strictly construed)). To ensure the value of the entire condominium is maintained, section 448.3–116.1 provides that a condominium association is granted a lien on an individual unit from the time an assessment is due. Section 448.3–116.2 further provides that the condominium association's lien for an assessment has priority over all other liens except in four circumstances. Those four exceptions are:

(1) Liens and encumbrances recorded before the recordation of the declaration;

(2) A mortgage and deed of trust for the purchase of a unit recorded before the date on which the assessment sought to be enforced became delinquent;

(3) Liens for real estate taxes and other governmental assessments or charges against the unit; [and]

(4) Except for delinquent assessments or fines, up to a maximum of six months' assessments or fines, which are due prior to any subsequent refinancing of a unit or for any subsequent second mortgage interest.

Section 448.3–116.2.

Appellant's lien, recorded on July 17, 2006, arose from the refinancing of the original purchase-money lien. Appellant claims that the language of the section prioritizing the relationship between a refinancing deed of trust and a lien for delinquent assessment of condominium fees, section 448.3–116.2(4), is vague and unconstitutional because it cannot be understood by a person of ordinary intelligence.

The clear language of section 448.3–116.2(4) contemplates a situation when there is a pending assessment lien at the time the unit owner refinances. At the time Trish Carcopa and Nicole Carcopa refinanced their unit, there was no pending assessment lien. The Parkway Towers assessment was levied against Trish Carcopa and Nicole Carcopa's individual unit after Appellant's deed of trust was recorded. Appellant does not fall within this subsection. Accordingly, Appellant does not meet any of the statutory exceptions of section 448.3–116.2, and its lien does not receive priority.

## Conclusion

Appellant fails to demonstrate that section 448.3–116 "clearly and undoubtedly" is unconstitutionally vague and ambiguous. The judgment is affirmed.

All concur.