

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | | |
|---|---|---|
| THE VENTANA OWNERS ASSOCIATION, INC., | ) ) | ED102290 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| Appellant, | ) | of the City of St. Louis |
| | ) | 1322-CC09408 |
| v. | ) | |
| | ) | Honorable David L. Dowd |
| VENTANA KC, LLC, | ) | |
| | ) | |
| Respondent. | ) | Filed: December 15, 2015 |

## Introduction

The Ventana Owners Association, Inc. (Association) appeals the summary judgment of the trial court in favor of Ventana KC, LLC (VKC) on the Association's foreclosure action to enforce liens for outstanding assessments. Because the Association's bylaws, upon which the trial court relied in granting summary judgment to VKC, conflict with the Missouri Uniform Condominium Act (Act), the Act controls and we must reverse.

## Background

The Association is the condominium owners' association for The Ventana, a condominium located at 1641 Washington Avenue in St. Louis. The Association is

governed by its Declaration of Condominium (Declaration), recorded on January 17, 2007, and by the Bylaws of The Ventana Owners Association, Inc. (Bylaws).

On May 14, 2013, VKC acquired title to 55 units of The Ventana through foreclosure. The deed upon which VKC foreclosed had been recorded in July of 2009, and by its terms was a "construction mortgage."

In September of 2013, the Association initiated the current foreclosure action, alleging that the Association had a statutory lien on the 55 units due to delinquent assessments in the amount of $22,879.50. These outstanding assessments corresponded to an approximately six-week time period immediately preceding the transfer of title to VKC through foreclosure

VKC moved for summary judgment, arguing that the Association's Bylaws precluded enforcement of the assessment liens against VKC, because VKC had paid all assessments due after it took title to the 55 units. Specifically, the Bylaws contain the following provision:

> 9.6 <u>Lien after Foreclosure</u>. When Ownership of a Unit is transferred by foreclosure, . . . any unpaid assessments as to the Unit shall continue to accrue . . . . The Unit and Owner acquiring title . . . shall be subject only to the lien of assessments which become due after such transfer of title.

The trial court agreed and granted VKC's motion for summary judgment. The trial court also issued a separate order awarding attorneys' fees to VKC under provisions in the Association's Declaration and Bylaws allowing for attorneys' fees to the prevailing party. This appeal follows.

2

<u>Standard of Review</u>

Our review of a trial court's summary judgment is essentially *de novo*. <u>ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.</u>, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the non-moving party, according the non-movant the benefit of all reasonable inferences from the record. <u>Id.</u> The propriety of summary judgment is purely an issue of law, and therefore we need not defer to the trial court's order granting summary judgment. <u>Id.</u>

<u>Discussion</u>

The Association raises four points on appeal. Points I and II are related and are dispositive. The Association argues that while the Bylaws would have precluded recovery against VKC, that provision conflicts with the Act, and the Act controls. The Association further argues that the controlling provisions of the Act may not be varied. Thus, the Association argues that the trial court erred in granting summary judgment in favor of VKC. We agree.

Section 448.3-116, RSMo. (2000)[1] contains the following provision:

> 1. The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in like manner as a mortgage on real estate . . . .

Subsection 2 continues, "A lien pursuant to this section is prior to all other liens and encumbrances on a unit." This super-priority status exists for assessment liens because an association's assessments contribute to the maintenance of the common elements and the value of the entire condominium. <u>Bd. of Managers of Parkway Towers Condo.</u>

---

[1] The legislature amended this statute in 2014, but the previous version applies to the present suit. We cite the previous version throughout this opinion.

3

Ass'n, Inc. v. Carcopa, 403 S.W.3d 590, 592 (Mo. banc 2013). There are four exceptions to the priority status of assessment liens in Section 448.3-116.2:

(1) Liens and encumbrances recorded before the recordation of the declaration;

(2) A mortgage and deed of trust for the purchase of a unit recorded before the date on which the assessment sought to be enforced became delinquent;

(3) Liens for real estate taxes and other governmental assessments or charges against the unit; [and]

(4) Except for delinquent assessments or fines, up to a maximum of six months' assessments or fines, which are due prior to any subsequent refinancing of a unit or for any subsequent second mortgage interest.

In contrast, under Section 9.6 of the Association's Bylaws, an owner acquiring title to a unit by foreclosure "shall be subject only to the lien of assessments which become due after such transfer of title." The Association argues this creates a discrepancy between the Bylaws and the statute. Essentially, the Bylaws create an additional exception to the priority status of an association's lien: where a transfer of title occurs due to foreclosure. Moreover, here, the Bylaws in effect would extinguish the statutory lien the Association otherwise would have had on the 55 units, because under the Bylaws, foreclosure is no longer a remedy to collect these particular delinquent assessments. We agree.

Section 448.1-110 states that the statutes constituting the Act "shall be applied and construed so as to effectuate their general purpose to make uniform the law[.]" Section 448.2-103 provides the following:

1. All provisions of the declaration and bylaws are severable.

. . .

4

3. In the event of a conflict between the provisions of the declaration and the bylaws, the declaration prevails except to the extent the declaration is inconsistent with sections 448.1-101 to 448.4-120.

Both parties acknowledge this statute and agree that in the event of a conflict between an association's bylaws and the statute, the statute controls. However, they disagree as to whether such a conflict is present here.

In this case, the relevant portions of the Declaration do not conflict with Section 448.3-116. In fact, the Declaration's language regarding assessment liens is substantially the same as Section 448.3-116, containing three of the same statutory exceptions to the priority status of assessment liens.[2] However, by creating an additional exception in the case of foreclosure, which under those circumstances effectively extinguishes the assessment lien provided for in both the statute and the Declaration, the Bylaws are in direct conflict with both.

VKC maintains that there is no conflict because the Declaration and Bylaws uphold the statutory priority status of lien assessments and merely restrict the manner of collection upon those liens, which is permissible. See Eagen v. Mueller, 809 S.W.2d 411, 413 (Mo. App. W.D. 1991) (noting "association may exercise its powers only within the constraints of its condominium declaration and bylaws"; holding that because association did not follow declaration's process for estimating and collecting common

---

[2] Specifically, the Declaration includes the following language in Section 7.08:
    (a) All assessments of any kind not paid by an Owner when due . . . shall constitute a lien on such Unit superior and prior to all other liens and encumbrances, except:
        (1) Liens and encumbrances recorded before the recordation of this Declaration, including any Mortgagee's Deed of Trust and Security Agreement and Assignment of Leases and Rents;
        (2) All liens under any mortgage or deed of trust for the purchase of a Unit recorded prior to the date such assessment becomes delinquent; and
        (3) Liens for real estate taxes and other governmental assessments or charges against the Unit.
Though the Declaration fails to include the fourth statutory exception, it is not at issue here, thus, as relevant here, we conclude the Declaration does not conflict with Section 448.3-116.

5

expenses, it was not entitled to judgment for lump sum reimbursement); Surry Condo. Ass'n, Inc. v. Webb, 163 S.W.3d 531, 537 (Mo. App. S.D. 2005) (noting association "may exercise its authority to levy and collect assessments only in the manner provided in the Declaration"). We disagree.

The Declaration addresses assessments in Section 7.08. Subsection (a) states that delinquent assessments "shall constitute a lien on such Unit superior and prior to all other liens and encumbrances." Subsection (b) states that "[s]uch lien . . . may be enforced by foreclosure . . . ." Finally, subsection (c) creates an alternative means of collection, not based on a lien but on a contractual debt:

> The amount of each assessment shall also be a personal debt of each respective Owner . . . . The Association may maintain an action against each Owner to recover a money judgment for unpaid assessments without foreclosing or waiving the lien securing the same . . . .

Thus, both the statute and the Declaration maintain that an assessment lien has priority, and the Declaration creates an additional means of collection, stating that the assessment lien remains intact even when the Association pursues the alternative means of collection through a personal action for money judgment. Therefore, any owner taking title to units encumbered by an assessment lien should be on notice under the statute as well as the Declaration that the lien will be prior to the new owner's interest in the property unless a statutory exception applies.

However, Section 9.6 of the Bylaws purports to remove this encumbrance in the case of foreclosure. It provides that an owner acquiring title through foreclosure "shall be subject only to the lien of assessments which become due after such transfer of title." Contrary to VKC's argument that this section upholds the lien priority, it in effect

6

extinguishes the lien where there has been a foreclosure. The only remedy preserved by Section 9.6 in such a case is the Association's ability to pursue a money judgment against the former owner: "Nothing in this paragraph shall be construed as a waiver or release of the obligation of the former Owner to pay the delinquent assessments."

A personal debt of an owner for unpaid assessments, collected by an action for a money judgment, is not enforcement of a lien but an entirely different legal action and distinct remedy; whereas a lien attaches to the property, not the owner. See Carcopa, 403 S.W.3d at 593 (noting Section 448.3-116 provides lien on individual *unit*). The contractual personal debt for unpaid assessments created by the Declaration is enforceable only against the owner who did not pay assessments. Under Section 9.6 of the Bylaws, therefore, only the personal debt created by the Declaration is actionable in the case of foreclosure, and no lien remains in such a case because the Association no longer has the right to pursue foreclosure of the unit. Thus, the Bylaws essentially remove the encumbrance of the assessment liens from foreclosed property. Contrary to establishing simply a method of pursuing a statutory right, to which an association must adhere under Eagan and Surry, this section of the Bylaws purports to extinguish that right, leaving only the contractual right to collect on the personal debt for unpaid assessments contained in the Declaration.

This directly conflicts with the statute. While VKC argues the statute is silent regarding assessment liens in the event of foreclosure, the statute's silence on this issue is precisely what confirms the priority of assessment liens in such a situation. Section 448.3-116 contains only four exceptions to the priority status of an association's assessment liens, and foreclosure is not one of them. See River Oaks Condo. Ass'n v.

7

Donovan, 2013 WL 4666343 at *7-8 (E.D. Mo. Aug. 30, 2013) (foreclosure did not extinguish assessment lien under Section 448.3-116). Thus, the association's lien maintains its priority status, and unless another exception applies, an owner who takes encumbered units through foreclosure takes them with the risk that the association will seek to enforce those liens as provided for in Section 448.3-116.

In light of this conflict, the Declaration, and ultimately Section 448.3-116, prevails. Section 448.2-103; Carroll v. Oak Hall Assocs., L.P., 898 S.W.2d 603, 606 (Mo. App. W.D. 1995). This is because the Bylaws cannot "add or subtract from the statutory lien provision" of Section 448.3-116. See Carroll, 898 S.W.2d at 606 (common expenses lien draws efficacy from statute, not bylaw). Furthermore, "[v]ariations in the Act's requirements are generally allowed only where expressly provided." Id. at 607 (citing Section 448.1-104). No express provision for variation exists in Section 448.3-116.

Thus, the Bylaws provision here, purporting to extinguish the Association's statutory lien for outstanding assessments and corresponding right to foreclose regarding these particular delinquent assessments, must be severed. While we sympathize with VKC's position that they took title to the 55 units in part relying on the Bylaws' provision that the Association would not be able to enforce any assessment lien on those units, the Act exists to protect condominium associations and create uniform expectations for buyers and lenders. "Public policy requires that condominium associations have sufficient power to enforce the collection of assessments; otherwise the association will not be able to continue to function and meet its obligations without unfairly burdening the other members of the community." Carcopa, 403 S.W.3d at 593. We must uphold the

8

statutory provisions regardless of what the drafters of the Bylaws sought to change, even if in this case the statute works to protect those drafters from their own Bylaws. Thus, the trial court erred in granting summary judgment in favor of VKC on the basis of the Bylaws.

However, the question remains whether the priority status of the Association's assessment lien was subject to any of the exceptions contained in Section 448.3-116.2. If an exception applied, the trial court's summary judgment would still have been proper. See Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 120 (Mo. banc 2010) (appellate court may affirm summary judgment under any theory supported by record).

First, the Declaration was recorded in January of 2007. The deed of trust, secured by the 55 units, which VKC foreclosed upon, was recorded in July of 2009. Thus, the first exception—for liens and encumbrances recorded before the declaration—does not apply. Section 448.3-116.2(1).

Second, Section 448.3-116.2(2) contains an exception for a mortgage and deed of trust *for the purchase* of a unit recorded before the assessments became delinquent. The 2009 deed of trust, upon which VKC foreclosed, stated that it was a "construction mortgage" and contained no reference to "purchase money." A construction mortgage is not the same as a purchase-money mortgage. See, e.g., Altom Constr. Co. v. BB Syndication Servs., Inc., 359 S.W.3d 146, 149-50 (Mo. App. S.D. 2012). Therefore, though the deed of trust was recorded before the assessments became delinquent, it was not a deed of trust for the purchase of a unit and cannot fall under Section 448.3-116.2(2).

9

Finally, subsections (3) and (4) do not apply here because there are no governmental liens or refinancing involved. Thus, the priority status of the Association's assessment lien remains intact. Points I and II granted.

The Association's third point contests the trial court's award of attorneys' fees in favor of VKC. Because we reverse the trial court's summary judgment in favor of VKC, we also must vacate its award of attorneys' fees to VKC as the prevailing party. Point granted.[3]

### Attorneys' Fees on Appeal

VKC requested reasonable attorneys' fees on appeal under the Declaration, Bylaws, and Section 448.3-116.7. Because it is not a prevailing party, VKC's motion is denied.

The Association also requested attorneys' fees, under Section 448.3-116.7. This section provides the following:

> The association shall be entitled to recover any costs and reasonable attorneys' fees incurred in connection with the collection of delinquent assessments. A judgment or decree in any action brought pursuant to this section shall include costs and reasonable attorney[s'] fees for the prevailing party.

While courts are considered experts regarding the value of appellate services and "appellate courts have the authority to allow and fix the amount of attorneys' fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." Rosehill Gardens, Inc. v. Luttrell, 67 S.W.3d 641, 648 (Mo. App. W.D. 2002). Moreover, upon remand, additional fees will undoubtedly

---

[3] The Association argues in its final point that the trial court lacked jurisdiction to award attorneys' fees to VKC because VKC's motion for attorneys' fees was untimely. This point is denied as moot.

10

occur, and thus, we remand this issue for the trial court to determine, along with the appropriate award of attorneys' fees in the trial court, any award of appellate attorneys' fees to the Association it should conclude are reasonable.[4]

## Conclusion

The trial court erred in determining that the Association's assessment lien was not enforceable against VKC. We reverse the trial court's summary judgment and vacate its separate award of attorneys' fees to VKC. We remand to the trial court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

---

[4] VKC argues the Association's request for fees was untimely under Local Rule 400, which requires parties to submit requests for attorneys' fees prior to submission of the case. However, the Association included a request for attorneys' fees in its appellate briefs, and moreover, Section 448.3-116.7 mandates an award of attorneys' fees in any action to recover lost assessments. Because we remand to the trial court for determination of the amount of reasonable attorneys' fees at both the trial and appellate levels, we do not find that the Association's late filing of its itemized billing statement precludes its ability to recover fees in this case, given the mandate of Section 448.3-116.7.